UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JUDITH A. WHYTE,

        Plaintiff,                CIV. S-02-2264 DFL PAN PS

      v.

UNITED STATES DEPARTMENT OF      FINDINGS AND RECOMMENDATIONS
VETERANS AFFAIRS, et al.,

        Defendants.

—oOo—

    Plaintiff commenced this suit October 16, 2002, against the U.S. Department of Veterans Affairs, five members of the Villa San Juan Homeowners Association, Riverside Property Management, and several individuals alleging undisclosed pre-existing defects in the condominium she purchased from the Department of Veterans Affairs.  Defendant Shaw, the selling agent and only remaining defendant, answered the complaint November 15, 2002.

    On January 22, 2003, this court dismissed plaintiff's claims

against the Homeowners Association and its board members, and against the Riverside Property Management and its manager, Celeste Cummings.  On July 11, this court directed plaintiff to serve process upon the United States and defendant Osborne.  Plaintiff did not respond and this court recommended dismissal of these defendants, which was ordered by Judge Garcia on January 12, 2004.  Thereafter, plaintiff served the United States and filed the return of service on February 11, 2004.  Pursuant to an order to show cause issued May 10, this court on June 29 ordered plaintiff to pay $350 sanctions for serving a complaint containing claims she knew had been dismissed.  Plaintiff paid the sanction on July 14.

On March 15, 2005, this court ordered plaintiff to file a joint status report prepared in cooperation with remaining defendant Shaw.  Plaintiff was warned that failure to comply with the court's order may result in a recommendation of dismissal.

The 30-day period for filing the joint status report expired April 14.  Plaintiff neither filed a report nor otherwise communicated with this court until May 10, when she filed a motion for summary judgment against Shaw asserting simply that Shaw's answer should be construed as a motion to dismiss conceding all allegations of the complaint.

Fed. R. Civ. P. 41(b) allows dismissal for "failure of the plaintiff to prosecute or to comply with these rules or any order of court . . . ."  A federal district court has the inherent power to dismiss a case *sua sponte* under Rule 41(b).  Link v.

1 Wabash R. Co., 370 U.S. 626, 630-32 (1962).  Dismissal is also
2 authorized by Fed. R. Civ. P. 16(f) (dismissal appropriate "[i]f
3 a party . . . fails to obey a scheduling order or pretrial
4 order"); and E. D. Cal. L. R. 11-110 ("Failure of . . . a party
5 to comply with these Rules or with any order of the Court may be
6 grounds for imposition by the Court of any and all sanctions
7 authorized by statute or Rule or within the inherent power of the
8 court").

9       Plaintiff's pro se status does not derogate this authority.
10 "Any individual representing himself or herself without an
11 attorney is bound by the Federal Rules of Civil or Criminal
12 Procedure and by these Local Rules.  Failure to comply therewith
13 may be ground for dismissal, judgment by default, or any other
14 sanction appropriate under these Rules."  E. D. Cal. L. R. 83-
15 183.

16       Dismissal, however, is a harsh penalty and should only be
17 imposed in extreme circumstances.  See Ferdik v. Bonzelet, 963
18 F.2d 1258, 1260 (9th Cir. 1992).  In determining whether to
19 dismiss a case under Rule 41(b), district courts must weigh five
20 factors: "(1) the public interest in expeditious resolution of
21 litigation; (2) the court's need to manage its docket; (3) the
22 risk of prejudice to the defendants; (4) the public policy
23 favoring disposition of cases on their merits; and (5) the
24 availability of less drastic sanctions."  Malone v. United States
25 Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (failure to
26 comply with court order); Henderson v. Duncan, 779 F.2d 1421,

1423 (9th Cir. 1986) (failure to prosecute). Dismissal is proper when at least four factors support dismissal or where at least three factors "strongly" support dismissal. See Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998).

    The first two factors weigh strongly in favor of dismissal. Plaintiff's previous failures in complying with this court's directives, her failure to file a joint status report, and her untimely and entirely meritless motion for summary judgment indicate plaintiff would continue to disobey judicial instructions (e.g., a scheduling order) if given the opportunity. Plaintiff's actions have impeded, and by all indications would continue to impede, ordered resolution of this case.

    Dismissal is also strongly warranted under the third factor. Plaintiff's failure to cooperate and dilatory conduct prejudice Shaw. Despite Shaw's timely answer in this matter, the case has languished for two and one-half years. "Unreasonable delay creates a presumption of injury to the defense." Henderson, 779 F.2d at 1423.

    The fourth factor generally weighs against dismissal based on the strong public policy favoring resolution of claims on their merits. Dahl v. City of Huntington Beach, 84 F.3d 363, 366 (9th Cir. 1996). In this case, however, plaintiff's own actions have defeated resolution of her claims on whatever unlikely merit they may have considering the infirmity of her claims against other defendants. See Valley Engineers, Inc., v. Electrical Engineering, 158 F.3d 1051, 1056-57 (9th Cir. 1998). Thus, this

factor is outweighed by the factors supporting dismissal.

The fifth factor, availability of less drastic sanctions, also weighs strongly in favor of dismissal.  The court accorded plaintiff the opportunity to continue prosecuting her case, which she ignored.  Monetary sanctions are infeasible; excluding claims or disallowing evidence are similarly inappropriate.

Accordingly, I recommend plaintiff's motion for summary judgment be denied and this action be dismissed pursuant to Fed. R. Civ. P. 41(b).

These findings and recommendations are submitted to the Honorable David F. Levi, the United States District Judge assigned to this case.  28 U.S.C. § 636(b)(l).  Written objections may be filed within ten days after being served with these findings and recommendations.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 18, 2005.

/s/ Peter A. Nowinski
PETER A. NOWINSKI
Magistrate Judge